UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | |
| Plaintiff, | No. 1:24-CV-03729 |
| v. | Judge Edmond E. Chang |
| BENEFIT ADMINISTRATIVE SYSTEMS, L.L.C., N&S TRACTOR COMPANY HEALTH & WELFARE PLAN, and ENLOE MEDICAL CENTER, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

In this insurance-coverage dispute, Landmark American Insurance Company seeks a declaration that it does not owe Benefit Administrative Systems a duty to defend or indemnify the insured in connection with two breach-of-contract lawsuits against Benefit. R. 55, Compl.[1] Benefit filed competing counterclaims seeking a declaration of Landmark's duty to defend and indemnify Benefit in connection with those

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. The parties are completely diverse: Landmark is a New Hampshire corporation with its principal place of business in Georgia. R. 56, Benefit's Answer and Counterclaims ¶ 3. Benefit Administrative Systems is a limited liability company organized under the laws of Illinois with its principal place of business in Illinois. *Id.* ¶ 4. Benefit's sole member is HealthComp Intermediate, LLC. The sole member of HealthComp is Space Newco, II Inc., which is incorporated under the laws of Delaware and has its principal place of business in New York. *Id.* ¶ 5. N&S is a voluntary unincorporated association organized and existing under 26 U.S.C. § 501(c)(9), with its principal place of business in California. *Id.* ¶ 6. N&S's members are citizens of Oregon and California. *Id.* Finally, Enloe Medical Center is a California corporation with its principal place of business in California. The amount in controversy exceeds $75,000. *Id.* ¶ 8.

lawsuits, for breach of contract, and for damages under 215 ILCS 5/155. R. 56, Benefit's Answer and Counterclaims at 18–30. Landmark now moves to dismiss the Section 155 counterclaim. R. 70, Pl.'s Mot. to Dismiss. For the reasons explained below, Landmark's motion to dismiss that counterclaim is granted, though the dismissal with without prejudice for now.

## I. Background

For the purpose of deciding this motion, the Court accepts the allegations in the counterclaim as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). As a preliminary matter, ordinarily a court may not consider matters outside the pleadings when deciding a motion to dismiss. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639–40 (7th Cir. 2008). A court may, however, consider documents attached to a motion to dismiss without transforming it into a motion for summary judgment if the documents are "referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (cleaned up).[2] So the Court will consider Landmark's Amended Complaint against Benefit, R. 70-1, Pl.'s Mot. to Dismiss Exh. 1 at 2 (PDF page number)[3]; the California state court lawsuits against Benefit, *id.* at 24–47, 52–63, 65–77, 79–103; and the professional liability coverage

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

[3]Unless otherwise noted, citations to the policies are to the PDF page numbers of the filings.

policies between Landmark and Benefit, *id.* at 105–188, which are attached to the motion to dismiss and referred to in the counterclaim.

## A. The Policies

Landmark American Insurance Company issued a new professional liability policy and two renewals to Benefit Administrative Systems. The first policy was effective from October 1, 2021, to October 1, 2022 (the parties refer to this as the "21–22 Policy"); the second was effective from October 1, 2022, to October 1, 2023 (the parties refer to this as the "22–23 Policy"); and the third was effective from October 1, 2023, to October 1, 2024 (the parties refer to this as the "23–24 Policy"). The policies describe the obligations Landmark owes to Benefit for certain losses arising Benefit's faults, if any occur. The policies set out, in relevant part:

A. Covered Services

The Company will pay on behalf of the Insured, … all sums that the Insured becomes legally obligated to pay as Damages and associated Claim Expenses arising out of a negligent act, error or omission, Advertising Liability or Personal Injury, even if the Claim asserted is groundless, false or fraudulent, in the rendering of or failure to render professional services as described in the Declarations, provided that the … Claim is first made against the Insured during the Policy Period, and reported to the Company no later than sixty (60) days after the end of the Policy Period; ….

C. Policy Limits …

The inclusion of more than one Insured, or the making of Claims by more than one person or organization, does not increase the Company's Limit of Liability. All Claims arising out of a single negligent act, error or omission, or a series of related negligent acts, errors, or omissions by one or more Insureds shall be treated as a single Claim for all purposes of this policy. All Claims shall be deemed first made when the earliest of such Claims is first made, regardless of whether such date is before or during the Policy Period and all such Claims

3

shall be subject to the same Each Claim Limit of Liability during that Policy Period. …

Part II. Exclusions …

This policy does not apply to any Claim or Claim Expenses based upon or arising out of … [a]n alleged act, error, or omission, Advertising Liability or Personal Injury, or circumstance likely to give rise to a Claim that an Insured had knowledge of prior to the effective date of this policy. This exclusion includes, but is not limited to, any prior Claim or possible Claim referenced in the Insured's application.

Pl.'s Mot. to Dismiss Exh. 1 at 108–11, 140–43, 167–70. In addition, the policies define "Claim" as "a written demand for monetary or non-monetary relief received by the Insured during the Policy Period … [a]dditionally, Claims that arise from an incident, occurrence or offense first reported by the Insured during the Policy Period and accepted by the Company … will be considered a Claim first made during the Policy Period." *Id.* at 112, 144, 171 (PDF page numbers). And "Policy Period" is defined as "the period of time stated in the Declarations, or any shorter period resulting from policy cancellation or amendment to the policy." *Id.* at 112, 144–45, 171–72. The terms of the policies underlie the parties' disputes.

## B. The Underlying Lawsuits

Eventually, Benefit became subject to two lawsuits for allegedly not paying its servicers. First, in February 2022, Enloe Medical Center, a medical services provider, sued Benefit, N&S, and other entities for allegedly failing to pay Enloe the full amount that it was owed for medical services it provided to enrollees of health insurances plans that Benefit provided, sponsored, administered, or financed. Benefit's Answer and Counterclaim ¶ 10; Pl.'s Mot. to Dismiss Exh. 1 at 25 ¶ 1. In that case,

4

which the parties refer to as the 2022 Lawsuit, Enloe asserted claims for breach of implied contract and quantum meruit. Benefit's Answer and Counterclaim ¶ 10. Enloe dismissed Benefit from the 2022 Lawsuit a few months after the complaint was filed, but one year later, in July 2023, N&S filed a cross-complaint against Benefit, alleging that any unpaid or underpaid medical services were caused by Benefit's acts and omissions when administering the claims. *Id.* ¶¶ 12–15.

Then, in January 2024, after Benefit once more allegedly failed to pay Enloe the full amount owed to it for medical services to enrollees of health plans, Enloe again sued Benefit for breach of implied contract and quantum meruit. *Id.* ¶ 19. And a few months later, N&S filed a cross-complaint against Benefit, bringing the same allegations against Benefit as it did in the 2022 Lawsuit. *Id.* ¶¶ 24–26. Benefit made written demands from Landmark for monetary relief to recoup from the losses incurred from these two lawsuits. *See id.* ¶¶ 31–60

### C. The Coverage Lawsuit

In response, Landmark filed suit seeking a declaratory judgment under 28 U.S.C. § 2201 and Civil Rule 57 declaring that it has no duty to defend or indemnify Benefit for the 2022 and 2024 Lawsuits under either the 22–23 Policy or the 23–24 Policy. Compl. It is Landmark's position that it is not on the hook to insure Benefit against the two lawsuits. Landmark contends that the 2022 and 2024 suits are either the same "act, error or omission" or a "series of related negligent acts, errors, or omission" such that Benefit had to make the claim during the 21–22 Policy Period and report it within 60 days of the end of that period. *Id.* ¶¶ 30–45. And on the 2022

Lawsuit, Landmark also argues that the complaint filed in February 2022 was filed before the 22–23 Policy Period, so the 22–23 Policy did not give Landmark a duty to insure Benefit for those cases. *Id.* ¶¶ 52–58. Landmark also argues that the 2024 Lawsuit is duplicative of the 2022 Lawsuit, so it too is untimely, and Landmark has no duty to defend. *See id.* ¶¶ 65–72.

For its part, Benefit filed counterclaims against Landmark, seeking a declaration stating that Landmark has a duty to defend and indemnify Benefit for the 2022 Lawsuit and the 2024 Lawsuit under the terms of the 22–23 Policy and the 23–24 Policy. Benefit's Answer and Counterclaims. Benefit also argues that Landmark's failure to defend and indemnify Benefit is a breach of contract. *Id.* ¶¶ 40–46, 54–60. Benefit seeks damages under an Illinois insurance law, 215 ILCS 5/155, asserting that the two lawsuits are clearly different, so Landmark's refusal to defend and indemnify Benefit is vexatious and unreasonable. *Id.* ¶¶ 61–63.

Landmark now moves to dismiss the Section 155 counterclaim, arguing that Benefit failed to state a claim because its allegations are mere legal conclusions. Pl.'s Mot. to Dismiss at 4–7. Landmark also argues that, even if the allegations are not conclusory, Benefit's counterclaim shows that there is a *bona fide* dispute over whether Landmark owes it a duty to defend and indemnify, so it is not liable under 215 ILCS 5/155. *Id.* at 7–9. As explained below, the counterclaim is dismissed, though without prejudice.

6

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## III. Analysis

Landmark asserts that Benefit's claim for Section 155 damages is insufficiently pleaded because Benefit's contention that Landmark's coverage decision was vexatious and unreasonable is not supported by *factual* allegations. Pl.'s Mot. to

7

Dismiss at 3–7. Landmark also contends that because Benefit's allegations show that the parties disagree over whether the 2022 Lawsuit and the 2024 Lawsuit are indeed the same case, there is a *bona fide* dispute over the scope of the policies' coverage, which precludes relief under Section 155. Pl.'s Mot. at 7–9. Benefit insists that when the allegations in its counterclaim are considered together, the Court can infer that Landmark's decision was vexatious and unreasonable, so the complaint plausibly alleges a claim for Section 155 damages. R. 80, Benefit's Resp. at 4–8.

The Court agrees with Landmark: the allegations in Benefit's counterclaim are too conclusory to survive the dismissal motion. Section 155 "provides 'an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable.'" *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 900 (Ill. 1996)). "[A]n insurer only acts vexatiously and unreasonably when its behavior was willful and without reasonable cause." *Tower Crossing Condo. Ass'n, Inc. v. Affiliated FM Ins. Co.*, 2023 WL 1069852, at *5 (N.D. Ill. Jan. 27, 2023) (cleaned up). But an insured cannot recover where "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (cleaned up).

Here, the allegations in the counterclaim do not support Benefit's claim for Section 155 damages. As Landmark explains, Benefit "merely recites the elements of a claim under Section 155." Pl.'s Mot. to Dismiss at 5. To support the counterclaim, Benefit alleges that:

> Landmark's failure and refusal to defend and indemnify [Benefit] in connection with the 2024 Lawsuit and 2024 Cross-Complaint under the 23–24 Policy is vexatious and unreasonable under the circumstances because the 2024 Lawsuit and the 2024 Cross-Complaint involve different patients, health plans, claim numbers, admission dates, reasons for admission, discharge dates, charge amounts incurred, and/or charge amounts paid as compared to the 2022 Lawsuit.

Benefit's Answer and Counterclaim ¶ 63. It is true that Benefit generally claims that the lawsuits are different, so Landmark should not have denied coverage over the 2023 Lawsuit. But that is not enough. Benefit does not, for example, allege a single factual example pointing to which "patients, health plans, claim numbers, admission dates, reasons for admission, discharge dates, charge amounts incurred, and/or charge amounts paid as compared to the 2022 Lawsuit" are different. *Id.* Landmark even put Benefit on notice of this argument in its motion to dismiss, but Benefit did not respond to this argument with factual detail in its response brief. *See* Pl.'s Mot. to Dismiss at 5 ("[Benefit], however, fails to allege any supporting facts showing *how* Landmark's conduct was unreasonable and vexatious.") (emphasis in original); Benefit's Resp. at 4–7 (repeating verbatim and without elaboration certain allegations in the counterclaim). Without facts directing the Court to Landmark's acts of bad faith, like frivolously forcing Benefit to file suit to recover, for example, the Court cannot tell which conduct of Landmark's supports liability. *See Cook ex rel. Cook v. AAA Life*

9

*Ins. Co.*, 13 N.E.3d 20, 37 (Ill. App. Ct. 2014). It is not up to the Court to comb through the record attached to the pleadings to find examples on Benefit's behalf. Requiring these kinds of allegations does not reflect a heightened pleading standard but instead demonstrates Benefit's duty to put Landmark on notice of what conduct Benefit believes supports its claim. *See Twombly*, 550 U.S. at 555 (cleaned up).

Still, Benefit maintains that it is reasonable to infer from the totality of its counterclaim that Landmark's denial of coverage is vexatious and unreasonable. Benefit's Resp. at 4–6. For the Court to infer that Landmark acted vexatiously or unreasonably, Benefit must allege *facts* tending to show that Landmark acted willfully or without reasonable cause. *Citizens First Nat'l Bank of Princeton*, 200 F.3d at 1110. Indeed, Benefit could have alleged with sufficient detail (and the Court might have inferred) that the 2022 Lawsuit and the 2023 Lawsuit are so plainly different that denying coverage in the 2023 Lawsuit could have only been done in bad faith. But without more specific allegations on why or how Landmark denied Benefit coverage, the Court cannot reasonably infer Landmark acted with the required intent. On the face of the complaint, it is equally plausible that Landmark's conduct was unreasonable, and that Landmark made a mistake. Benefit's allegations are insufficient to state a claim for Section 155 damages.

Landmark also asks the Court to dismiss the Section 155 counterclaim because even the allegations of the counterclaim, taken as true, show that there is a *bona fide* coverage dispute between the parties, precluding an award Section 155 damages. Pl.'s

10

Mot. to Dismiss at 7–9. Instead of diving into the primary-merits question in the case, the Court need not at this stage opine on that argument.

## IV. Conclusion

Landmark's motion to dismiss the Section 155 counterclaim, R. 70, is granted. The counterclaim is dismissed without prejudice. If Benefit really believes that it can adequately plead a Section 155 under this opinion, then Benefit may propose an amended counterclaim to add facts supporting its claim that Landmark's coverage decision was unreasonable or vexatious. The amended counterclaim, if any, is due by September 22, 2025.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 8, 2025

11